UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID CIEMPA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-0685-CVE-TLW |
| | ) |
| JUSTIN JONES; et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Leave to Depose Non-Parties by Written Questions (Dkt. # 83). Plaintiff requests leave to depose Curtis Hood and Dick Bartley under Fed. R. Civ. P. 31, because Hood and Bartley may have been involved in the decision to deny plaintiff access to certain books. He states that responses to interrogatories by defendant Gary McClary give rise to a reasonable belief that the requested written depositions will lead to the discovery of relevant evidence. Id. at 2-3. Defendants have not responded to plaintiff's motion and the time to file a response has expired.

Plaintiff is an inmate at the Dick Connor Correctional Center (DCCC), and states that he belongs to a religious group known as the "Five Percent . . . Nation, a.k.a. The Nation of Gods and Earths [(NGE)] . . . ." Dkt. # 18, at 3. He filed this case alleging, inter alia, that defendants[1] violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq. (RLUIPA), by preventing him from receiving certain reading materials that plaintiff claims

---

[1] Plaintiff named up to 13 defendants in his pleadings, but the only remaining defendants are Justin Jones, Leo Brown, and Gary McClary in their official capacities. See Dkt. # 82, at 1 n.1.

were essential to the practice of his religion. He claims that he ordered books called <u>The Soldier's Guide</u> and <u>Stoic Warriors</u>, but prison officials confiscated these books on the ground that they contained military subject matter inappropriate for a prison setting. Dkt. # 1, at 4-5. Plaintiff alleges that his religious beliefs require him to have a basic understanding of military principles and traditions, and the seizure of these books interfered with the practice of his religion. Prison officials also incorrectly believed that plaintiff ordered a copy of the <u>U.S. Army Ranger Handbook</u>, and confiscated this book as well. However, the <u>U.S. Army Ranger Handbook</u> was not addressed to plaintiff and he states that he did not order this book. <u>Id.</u> at 8. Defendants moved for summary judgment on plaintiff's claims concerning seizure of <u>The Soldier's Guide</u> and <u>Stoic Warriors</u>, and argued that denying plaintiff access to the books was the least restrictive means of safeguarding prison security. The Court granted summary judgment as to <u>The Soldier's Guide</u>, but found that defendants had not met their burden to show that prohibiting plaintiff from receiving <u>Stoic Warriors</u> was the least restrictive means of achieving a compelling governmental interest. Dkt. # 60, at 33-34. The Court found no evidence that plaintiff suffered any legally cognizable harm due to defendants' erroneous belief that plaintiff also ordered a copy of the <u>U.S. Army Ranger Handbook</u>. <u>Id.</u> at 31.

Plaintiff requests leave to take depositions by written questions of Hood and Bartley concerning defendants' general practices for reviewing reading material ordered by prisoners. Hood is the DCCC Chief of Security and Bartley is the DCCC Mail Room Supervisor. Rule 31 states in relevant part:

(a) When a Deposition May Be Taken.

(1) Without Leave. A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

>   (2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
>>   (A) if the parties have not stipulated to the deposition and:
>>
>>>   (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;
>>>
>>>   (ii) the deponent has already been deposed in the case; or
>>>
>>>   (iii) the party seeks to take a deposition before the time specified in Rule 26(d); or
>>
>>   (B) if the deponent is confined in prison.

Fed. R. Civ. P. 31(a)(1) and (2). It does not appear that plaintiff needs leave to take depositions of Hood or Bartley, and the depositions should be permitted if plaintiff's proposed deposition questions would reasonably lead the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Plaintiff states, and the Court agrees, that it is unnecessary for plaintiff to subpoena Hood and Bartley to compel them to give depositions by written questions, because both Hood and Bartley provided evidence for the special report (Dkt. # 43) and are within the control of defendant Justin Jones, the Director of the Oklahoma Department of Corrections (ODOC).

The Court finds that plaintiff should be permitted to depose Hood and Bartley under Rule 31 with some limitations. Plaintiff has made a timely request to depose Hood and Bartley and many of plaintiff's proposed questions are relevant to his claims concerning the seizure of Stoic Warriors. However, the Court has granted summary judgment as to plaintiff's claims concerning the seizure of the U.S. Army Ranger Handbook and The Soldier's Guide, and neither Hood nor Bartley is required to respond to questions about the seizure of these books. See Dkt. # 60, at 31-34. This Opinion and Order does not prevent Hood, Bartley, or defendants from asserting objections to the

manner in which the deposition is conducted or to specific questions posed by plaintiff.  See Rahn v. Hawkins, 464 F.3d 813, 821-22 (8th Cir. 2006).  Defendants shall designate an appropriate prison official or ODOC employee to serve as an officer to administer the depositions of Hood and Bartley as required by Rule 31(a)(3) and (b).  The Court also notes that Rule 31(a)(5) provides deadlines for the service of cross, redirect, and recross questions by the parties, but strict compliance with these deadlines will not permit plaintiff to take the requested depositions before the discovery cutoff of February 1, 2011.  The Court will shorten the deadline for defendants to serve cross-questions and eliminate redirect and recross questions to expedite the depositions.  Plaintiff is also advised that this Opinion and Order does not satisfy his obligation to serve notice for the depositions of Hood and Bartley as required by Rule 31(a)(3), and he must comply with this requirement before proceeding with the depositions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Depose Non-Parties by Written Questions (Dkt. # 83) is **granted in part** and **denied in part**.  Plaintiff may take depositions of Hood and Bartley by means of written questions, but Hood and Bartley are not required to respond to questions concerning the seizure of the U.S. Army Ranger's Handbook or The Soldier's Guide.

**IT IS FURTHER ORDERED** that plaintiff shall serve notice for the depositions of Hood and Bartley and copies of the written questions on defendants no later than **January 18, 2010**.

**IT IS FURTHER ORDERED** that defendants shall designate a prison official or ODOC employee to serve as an officer to administer the deposition.

**IT IS FURTHER ORDERED** that defendants shall serve cross-questions as required by Rule 31(a)(5) within five (5) days of receiving notice of the deposition.

**DATED** this 4th day of January, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT