## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID CIEMPA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-CV-0685-CVE-TLW** |
| | ) | |
| **JUSTIN JONES, WALTER DINWIDDIE,** | ) | |
| **DEBBIE L. MORTON, AL BLAIR, DICK** | ) | |
| **BARTLEY, KAMERON HARVANEK, G.** | ) | |
| **MCCLARY, CURTIS HOOD, JAMES** | ) | |
| **CAVE, RICK BOYETT, JOHN DOE sued as** | ) | |
| **"Unknown Employee," CHRIS REDEAGLE,** | ) | |
| **LEO BROWN,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This is a civil action commenced by Plaintiff David Ciempa, a state prisoner appearing pro se. Before the Court is the "Plan to Accommodate Plaintiff's Request for NGE Chapel Time" (Dkt. # 121), hereinafter, the Plan, filed by Defendants Brown and Jones. Plaintiff filed a response (Dkt. # 124). Defendants filed a reply (Dkt. # 127). On December 19, 2011, Plaintiff filed a request that this action be stayed because of his placement in his facility's Segregated Housing Unit (SHU). He has also filed two (2) motions for leave to supplement his objection to Defendants' Plan (Dkt. ## 131, 132). Defendants filed a response (Dkt. # 133). Plaintiff filed a reply (Dkt. # 136).

### BACKGROUND

In an Opinion and Order filed September 9, 2011 (Dkt. # 105), the Court granted in part and denied in part the motion for summary judgment filed by the only defendants remaining in this action, Justin Jones, Gary McClary and Leo Brown, in their official capacities. In addition, the Court denied Plaintiff's Second Motion to Reassert His Motion for Preliminary Injunction. See Dkt.

# 105. Plaintiff appealed the denial of his motion to reassert his request for a preliminary injunction. See Dkt. # 107. On April 23, 2012, the Tenth Circuit affirmed this Court's ruling. See Dkt. # 137. As to the ruling on Defendants' motion for summary judgment, the Court granted the motion on Plaintiff's claim that Defendant McClary prohibited his possession of the book Stoic Warriors in violation of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). See Dkt. # 105. The Court denied summary judgment on Plaintiff's claim that he had been denied chapel time for his group, the Nation of Gods and Earths (NGE), in violation of his rights under RLUIPA. Id. Defendants Brown and Jones were ordered to submit in writing either a plan accommodating Plaintiff's request for space and time in the prison chapel for the religious exercise of his NGE beliefs using the least restrictive means to advance their compelling government interest, or a demonstration that there are no less restrictive means, other than a total ban, to ensure institutional security. On November 10, 2011, Defendants filed their Plan (Dkt. # 121).

## *DISCUSSION*

**A.  Plaintiff's request for a stay is moot**

As a preliminary matter, the Court finds that based on Plaintiff's most recent filings, it appears that he has been released from SHU and no longer has only limited access to materials used to prepare written filings in this matter. Therefore, his request for a stay has been rendered moot.

**B.  Defendants' Plan is approved**

In the Opinion and Order filed September 9, 2011, the Court recognized Defendants' compelling interest in maintaining institutional security. See Dkt. # 105 at 6. The Court went on to determine that Defendants had not carried their burden of showing that banning NGE as a group from the chapel is the least restrictive means of achieving their compelling governmental interest.

Id. at 11. Defendants have now filed their written Plan. In their Plan, Defendants state that NGE will be provided chapel time on Tuesdays from 10:30-11:30 a.m. and that the group's meetings will be supervised by either the facility chaplain or one of volunteer chaplains and a security officer. See Dkt. # 121. Plaintiff objects to the Plan, complaining that he also wants to access the chapel on the third Sunday of every month to conduct Universal Parliaments and twice a week to conduct Civilization Classes. See Dkt. # 124. He also complains that Defendants' security concerns are unfounded, that the proposed supervision of the meetings is "oppressive, discriminatory, unreasonable, irrational and furthers no compelling governmental interest." Id.

The Court finds that Defendants' Plan complies with the Court's Order directing them to use the least restrictive means to advance their compelling government interest in institutional security to accommodate Plaintiff's request for group chapel time. The Court cannot find that the time allocated to Plaintiff's group is unreasonable in light of the stated staffing burden necessary to ensure security. If Plaintiff's group is not a security threat, as argued by Plaintiff, then he should have no concerns about being monitored or recorded with an audio digital recording device. Although Plaintiff characterizes the supervision as "oppressive," he fails to identify any aspect of his teaching that has been impeded by the monitoring conducted by Oklahoma Department of Corrections (ODOC) officials. The Court recognizes Plaintiff's statement that the presence of the monitors "works as a bar upon our free speech rights, i.e., the students and I feel that we cannot speak at our leisure about cultural issues without some kind of reprisal, retribution or retaliation from [ODOC] or Defendants after their listening to our sessions, such as the arbitrary cancelling of NGE classes." Id. However, Plaintiff never identifies the "cultural issues" he is unable to discuss. As a result, the Court is left to conclude that Plaintiff's statement supports Defendants' position that

3

monitoring of the NGE's group time is the least restrictive means to accommodate Plaintiff's group while advancing their compelling government interest in institutional security. Therefore, the Court hereby approves Defendants' Plan.   Defendants shall comply with the terms of the Plan to accommodate NGE chapel time.

The Court further finds that Plaintiff's motions to supplement his objection to Defendant's Plan shall be denied. In his first motion to supplement, Plaintiff complains that Defendants have denied his group's specific request for a "Special Event Proposal in reference to Commemoration of Allah's Physical (Birthday)" on February 22, 2012, and they have also denied his group's request to possess, use, and store cultural paraphernalia. See Dkt. # 131. As a result, Plaintiff claims that Defendants' Plan to accommodate provides NGE adherents "with an unreasonable and meaningless opportunity to practice Allah's mathematics." Id. In his second motion to supplement his objection to Defendants' Plan, Plaintiff draws the Court's attention to discovery responses received from Defendant Brown in Case No. 11-CV-347-GKF-FHM, and characterizes Defendant Brown's response as a "direct slap-in-the-face" to the Court's Opinion and Order. See Dkt. # 132.   In response, Defendants argue that the ODOC "still maintains a compelling interest in institutional security." See Dkt. # 133.

Plaintiff is reminded that the Court's Opinion and Order entered September 9, 2011, did not prohibit ODOC from imposing restrictions or limitations on NGE group meetings in the chapel after undertaking serious consideration of any other alternatives. Defendants were required only to use the least restrictive means to advance their compelling government interest in institutional security in accommodating Plaintiff's request. Nothing in Plaintiff's proposed supplements alter the Court's conclusion that the Plan shall be approved. Plaintiff will not be allowed to expand the scope of this

4

matter by adding allegations of new rights violations by way of a motion to supplement. For those reasons, Plaintiff's motions to supplement shall be denied.

Having resolved all issues raised in Plaintiff's third amended complaint (Dkt. # 18), this action is terminated.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  Plaintiff's request to stay this action until he is released from SHU (Dkt. # 128) is **declared moot**.

2.  Plaintiff's motions to supplement his objection to Defendants' Plan to Accommodate (Dkt. ## 131, 132) are **denied**.

3.  Defendants' Plan to Accommodate Plaintiff's Request for NGE Chapel Time (Dkt. # 121) is **approved**.   Defendants shall comply with the terms of the Plan to accommodate NGE chapel time.

4.  This is a final Order terminating this action, and a separate Judgment is entered herewith.

**DATED** this 3rd day of May, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE